# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHAUNNA LEANN DODD,

    *Plaintiff*,

vs.

JAMES COX ,

    *Defendant*.

3:13-cv-00587-RCJ-WGC

ORDER

This civil rights action by a Nevada state criminal defendant comes before the Court for initial review.

Plaintiff failed to properly commence this action by submitting an application to proceed *in forma pauperis* on the required form.  Under Local Rule LSR 1-1, a person seeking pauper status must file an application on the Court's required form, with both a financial certificate by an authorized officer and a statement of her inmate account for the prior six months. Plaintiff neither paid the filing fee nor filed a pauper application.

In a cover letter, plaintiff asserts that, at the jail, she turned in "the financial form with a kite on September 19, 2013" but had not received back a response.  She maintains that her jailers have interfered with her legal mail and access to the courts.

The docket records of this Court reflect that, in the preceding approximately a month through the date of the filing of the present action, plaintiff: (1) filed a petition for removal in this Court in No. 3:13-cv-00538-MMD-WGC and paid $400.00 for the filing fee, seeking to remove her pending state murder prosecution to federal court; (2) has filed multiple extensive

papers in that action over her own signature; (3) filed the present action; and (4) filed also another federal civil rights action the same day in No. 3:13-cv-00588-RCJ-WGC.

The docket records of this Court accordingly: (a) tend to belie plaintiff's assertion that she is unable to access the Court to file papers; and (b) further suggest that petitioner may well have available financial resources with which to pay the filing fee in full.

Plaintiff may not commence an action without either paying the filing fee or submitting an appropriate pauper application. Under the Prison Litigation Reform Act, even if plaintiff is not able to pay an initial partial filing fee, she will be required to pay the full $350.00 filing fee in installments drawn from her inmate account. The full filing fee must be paid even if the action later is dismissed. If the full filing fee is not paid during plaintiff's detention at the local jail, the remaining unpaid portion of the fee will be drawn from her inmate account following her transfer to the Nevada Department of Corrections.[1] If she seeks to proceed without payment, she must present the Court with a properly completed pauper application, acknowledging the foregoing requirements. If she fails to either submit a properly completed pauper application or pay the filing fee, she fails to properly commence the action.

The Court therefore will dismiss this improperly-commenced action without prejudice. It does not appear that a dismissal without prejudice will materially impact the analysis of any statute of limitations issue or other issues in a promptly filed and properly commenced new federal action or otherwise result in substantial prejudice.[2]

---

[1]The state district court's online docket sheet reflects that a jury found plaintiff guilty of first-degree murder with the use of a deadly weapon on October 10, 2013. Sentencing is scheduled for November 26, 2013.

[2]Plaintiff alleges that a vehicle was improperly seized by the Washoe County Sheriff's Department on December 29, 2012, for evidence without her permission or a warrant. She further alleges that she was arrested without a warrant on January 3, 2013. She names as defendant the investigating detective. She seeks "[r]elease from custody, [to be] cleared of all charges and my personalty and biological property restored."

Even if plaintiff *arguendo* presented a viable and currently cognizable claim, more than one year remained in the applicable two-year statute of limitations at the time that this action was filed. A dismissal without prejudice therefore will not materially impact the analysis of any statute of limitations or other issue.

(continued...)

1    IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice to the filing of a new properly commenced action under a new docket number with either the required filing fee or a properly completed application to proceed *in forma pauperis*. The Clerk of Court shall SEND plaintiff two copies each of a pauper form for a prisoner and a civil rights complaint form, along with the instructions for the forms and a copy of all papers that she submitted.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: This 6th day of November, 2013.

_____
ROBERT C. JONES
Chief United States District Judge

---

[2](...continued)

Plaintiff at all times remains responsible for calculating the applicable limitations periods and properly and timely commencing an action for appropriate relief. Nothing in this order directs, grants permission, or advises plaintiff to file any particular action. Nor does this order hold by implication or otherwise that plaintiff presents a viable claim that currently is cognizable in a federal civil rights action. The present improperly-commenced action simply is being dismissed without prejudice to the filing of a new action.

The Court would note that any *arguendo* issues that plaintiff allegedly is having with mail at the jail would become moot vis-à-vis that facility upon her transfer to the Nevada Department of Corrections.